IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GARY DALE MOORE,

        Petitioner,

v.

        CIVIL ACTION NO.   2:16-cv-04107
        (Criminal No. 2:07-cr-00023)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

On May 2, 2016, the Movant, Gary Dale Moore, proceeding *pro se*, filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [ECF No. 198].   On May 6, 2016, the Federal Public Defender for the Southern District of West Virginia was appointed to represent Movant for the purpose of determining whether he qualifies for federal habeas relief in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

This matter is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and the Standing Order of this Court entered on May 31, 2016.   For reasons appearing to the Court, it is hereby **ORDERED** that the referral of this matter to the Magistrate Judge is **WITHDRAWN**.

## I.    Procedural history

On October 25, 2007, Movant pled guilty in this United States District Court to one count of possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1).   At sentencing, which occurred on February 21, 2008, this Court determined that Movant was an "armed career criminal" because he had committed three prior felony offenses categorized as "violent felonies" under 18 U.S.C. § 924(e)(2)(B) (the "Armed Career Criminal Act" or "ACCA").[1]   Specifically, Movant had two prior convictions for aggravated burglary of a dwelling in Ohio, and one conviction for "jailbreaking," in violation of West Virginia Code § 61-5-10(b).   As acknowledged by the United States in its Response to Movant's section 2255 motion, the Court found that Movant's "jailbreaking" conviction was a "violent felony" under the "residual clause."

Based upon his classification as an armed career criminal, Movant was subject to a mandatory minimum sentence of fifteen years of imprisonment, pursuant to 18

---

[1]  The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant already has three prior convictions for violent felonies and/or serious drug offenses.   18 U.S.C. §§ 922(g)(1) and 924(e)(1).   The ACCA defines a "violent felony" as a crime punishable … by imprisonment for a term exceeding one year … that

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C. § 924(e)(2)(B) (Emphasis added).   The bolded portion of this definition is known as the Act's "residual clause."

U.S.C. § 924(e)(1), and he received a sentencing enhancement from a level 28 to a level 33 under section 4B1.4(b)(3)(B) of the United States Sentencing Guidelines.[2] Movant was sentenced to serve 180 months in prison, followed by a three-year term of supervised release.   [Judgment, ECF No. 100; Amended Judgment, ECF No. 107].

Movant's Judgment was affirmed on appeal.   *United States v. Moore*, 309 F. App'x 688 (2009).   His petition for a writ of certiorari to the United States Supreme Court was denied on October 5, 2009.   *Moore v. United States*, 130 S. Ct. 311 (2009). Movant also filed a prior unsuccessful Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, which also challenged his armed career criminal status.   *Moore v. United States*, Case No. 2:10-cv-00926, 2012 WL 529879 (2012).

On June 26, 2015, the Supreme Court decided *Johnson*, holding that the residual clause of the ACCA is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. 135 S. Ct. at 2555-2563.   On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA, and, thus, was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to

---

[2]   As applied herein, section 4B1.4(b)(3)(B) of the Guidelines states in pertinent part that, "[t]he offense level for an armed career criminal is the greatest of . . . 33, otherwise."   U.S. SENTENCING GUIDELINES MANUAL § 4B.14(b)(3)(B).

cases on collateral review.   On May 2, 2016, the United States Court of Appeals for the Fourth Circuit authorized Movant to file the instant section 2255 motion pursuant to 28 U.S.C. §§ 2244 and 2255(h).   (ECF No. 197).

## II.   Positions of the Parties

Movant filed the instant section 2255 motion [ECF No. 198] on May 2, 2016, while proceeding *pro se*.[3]   His *pro se* motion contains four grounds for relief, all of which arise out of his contention that the District Court erroneously applied the ACCA enhancement after improperly determining that his West Virginia "jailbreaking" offense was a crime of violence under the residual clause.   Movant contends that the application of the ACCA enhancement violated his right to due process of law and resulted in prejudice because he was sentenced to serve additional time in prison than he would have received based upon his Guideline sentence calculation without the ACCA enhancement.

On June 14, 2016, the United States filed a Response to Movant's section 2255 motion (ECF No. 207), conceding that, in light of *Johnson*, Movant no longer qualifies for a mandatory minimum fifteen-year sentence as an armed career criminal under section 924(e). On November 14, 2016, the parties filed a Joint Proposed Resolution to 28 U.S.C. § 2255 Motion [ECF No. 217], wherein the parties agreed that the Motion should be resolved in the following manner: the Court should grant the Motion and vacate Movant's sentence, sentence Movant to a term of time served, and follow his

---

[3]  Movant is now represented by the Federal Public Defender for the Southern District of West Virginia (the "FPD").

4

sentence with a three-year term of supervised release. Additionally, on November 15, 2016, Movant filed a Declaration in Support of Joint Proposed Resolution to 28 U.S.C. § 2255 Motion [ECF No. 218]. The Declaration states that "Moore was informed of the rights to which he would be entitled should this Court return him to the Southern District of West Virginia and has agreed to waive those rights in return for his immediate release upon this Court's entry of an order adopting the parties' proposed resolution to his 28 U.S.C. § 2255 motion."

### III.   Ruling

Upon review of the record in light of *Johnson* and *Welch*, it is undisputed that Movant's prior conviction for "jailbreaking" no longer qualifies as a "violent felony" under section 924(e)(2) and, thus, he does not meet the criteria to be an armed career criminal.   Accordingly, the Court **FINDS** that Movant's sentence should be vacated and that he should be resentenced.   Based on the parties' agreement and Movant's express waiver of his right to appear in open court for re-sentencing, the Court further **FINDS** that there is no need to return Movant to the Southern District of West Virginia for re-sentencing.

For all of the foregoing reasons, the Court **GRANTS** Movant's Emergency Motion [ECF No. 198] and **ORDERS** that Movant's sentence of 180 months of imprisonment imposed on February 21, 2008 be, and it hereby is, **REDUCED to a sentence of "<u>time served</u>."**   The Curt further **ORDERS that Movant's <u>three-year term of supervised release</u> imposed on that same date <u>shall remain in effect</u>.**

5

The Court requests that the Bureau of Prisons expedite the processing of this Order so as to facilitate Movant's immediate release.

The clerk is **DIRECTED** to forward copies of this Order to Movant, all counsel of record, the United States Probation Office, the United States Bureau of Prisons and the United States Marshals Service.

ENTER:      November 15, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6